UNITED STATES DISTRICT COURT
THE DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Rajab SAIDMUHAMMADI, Mavzuna KHUDOIDODOVA, S. S., and U. S.<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF IMMIGRATION APPEALS; TODD BLANCHE, in his official capacity as Attorney General of the United States; SIRCE E. OWEN, in her official capacity as Acting Director of the Executive Office for Immigration Review; and CHIEF APPELLATE IMMIGRATION JUDGE OF THE BOARD OF IMMIGRATION APPEALS, in official capacity.<br><br>Defendants. | Case No. 4:26-cv-1059<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs, through counsel, bring this action to compel resolution of DHS's long-pending appeal from an Immigration Judge's decision granting asylum. Plaintiffs allege as follows:

## INTRODUCTION

1. On August 19, 2024, an Immigration Judge granted asylum to all four Plaintiffs in their consolidated removal proceedings in Kansas City, Missouri. The decision rested on Mr. Saidmuhammadi's well-founded fear of religious persecution in Tajikistan. The written order was mailed on August 20, 2024. Ex. 1 at 25.

2. The BIA received DHS's appeal on September 17, 2024. More than two years later, the Board of Immigration Appeals has not served a briefing schedule or a decision resolving the appeal. Plaintiffs have sought action through inquiries and a motion to expedite, without obtaining either.

3. Plaintiffs seek a decision on that identified appeal within a reasonable, court-established period. The agency must remain free to determine the outcome and to complete any necessary record preparation and briefing. Plaintiffs ask the Court to address the duration of the delay, without deciding whether asylum should be granted or denied.

4. The unresolved appeal prevents final administrative resolution of the family's asylum proceedings. It also leaves unresolved their ability to proceed toward permanent residence on the basis of the asylum grant. Mr. Saidmuhammadi supports the family through commercial truck driving, making uncertainty concerning the documentation required to maintain his commercial driver's license a particular concern.

## PARTIES

5. Plaintiff Rajab Saidmuhammadi is a native and citizen of Tajikistan and resides in Kansas City, Missouri, within this District. He entered the United States on October 12, 2018, and applied for asylum on July 15, 2019.

6. Plaintiff Mavzuna Khudoidodova is Mr. Saidmuhammadi's wife and resides with him in this District. Her immigration proceedings were consolidated with his proceedings.

7. Plaintiffs S.S. and U.S. are the couple's minor children. They reside with their parents in this District and are parties to the consolidated immigration proceedings. They bring this action through their father and next friend, Rajab Saidmuhammadi. Their initials are used under Federal Rule of Civil Procedure 5.2(a)(3).

8. Defendant Board of Immigration Appeals is the administrative appellate body within the Executive Office for Immigration Review responsible for the pending appeal.

9. Defendant Todd Blanche is sued in his official capacity as Attorney General of the United States. The Attorney General oversees EOIR and the administration of immigration adjudications delegated to the Department of Justice.

10. Defendant Sirce E. Owen is sued in her official capacity as Acting Director of EOIR. The Director supervises EOIR's operations, including the administration of the BIA.

11. Defendant Chief Appellate Immigration Judge of the BIA is sued in official capacity and is designated by official title under Federal Rule of Civil Procedure 17(d). That officer is responsible for the BIA's case management system under 8 C.F.R. § 1003.1(e).

## JURISDICTION AND VENUE

12. This action arises under the Administrative Procedure Act, 5 U.S.C. §§ 555(b), 702, and 706(1), and the Mandamus Act, 28 U.S.C. § 1361. Plaintiffs invoke federal-question

jurisdiction under 28 U.S.C. § 1331 and, alternatively, mandamus jurisdiction under § 1361. The APA supplies the cause of action asserted in Count I, rather than an independent grant of subject-matter jurisdiction.

13. Section 702 waives sovereign immunity for this action seeking nonmonetary relief, subject to applicable statutory limitations. Declaratory relief is requested under 28 U.S.C. §§ 2201–2202 as a remedy ancillary to Plaintiffs' substantive claims.

14. No final administrative decision resolving DHS's appeal has been issued. Plaintiffs do not seek review or reversal of a removal order, review of DHS's decision to appeal, or a judicial determination of their eligibility for asylum. Section 1252(a)(5), which assigns review of removal orders to the courts of appeals, therefore does not directly describe the relief requested here.

15. Plaintiffs recognize that 8 U.S.C. § 1252(b)(9) channels questions arising from removal proceedings into the statutory review process. Plaintiffs submit that their claim for relief from prolonged administrative inaction is reviewable because waiting for a final decision cannot remedy the years during which that decision has been withheld. A favorable agency decision may also leave Plaintiffs with no adverse removal order through which to seek review of the delay.

16. In *Jennings v. Rodriguez*, 583 U.S. 281, 293–95 (2018), the plurality rejected an interpretation of § 1252(b)(9) that would sweep in every claim connected to removal proceedings and emphasized the consequences of making certain injuries effectively unreviewable. Plaintiffs rely on that reasoning by analogy. They recognize that *Jennings* concerned detention, rather than delay in appellate adjudication, and do not contend that it conclusively resolves jurisdiction here.

17. Section 1252(g) concerns specified decisions or actions to commence proceedings, adjudicate cases, or execute removal orders. *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999), construes that provision as directed to those discrete

categories. Plaintiffs challenge the failure to conclude an already-pending appeal within a reasonable time, rather than an affirmative enforcement decision or the substantive exercise of adjudicatory discretion.

18. Plaintiffs submit that this Court may hear their present claim, which seeks relief from ongoing inaction without review of a removal order. *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 75–79 (D.C. Cir. 1984). Plaintiffs suffer ongoing injury from the unresolved proceedings and the resulting inability to obtain final administrative resolution of their asylum claims. Defendants control the pending appellate adjudication. An order requiring completion of that adjudication would redress the delay, regardless of the result reached on the merits.

19. Venue is proper under 28 U.S.C. § 1391(e)(1)(C) because Plaintiffs reside in this District, Defendants are a federal agency or officers sued in their official capacities, and no real property is involved.

## GOVERNING LAW

20. Under 5 U.S.C. § 555(b), an agency must conclude a matter presented to it within a reasonable time. Section 706(1) authorizes relief from agency action unlawfully withheld or unreasonably delayed.

21. A claim under § 706(1) must identify a discrete agency action that the agency is legally required to take. *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004). Here, the identified action is disposition of DHS's pending appeal from the August 19, 2024 asylum decision. Plaintiffs allege a duty to conclude that appeal, while acknowledging the BIA's discretion over its substantive outcome.

22. The BIA has appellate jurisdiction under 8 C.F.R. § 1003.1(b). Section 1003.1(d)(1) directs the Board to resolve the questions before it in a timely and impartial manner consistent with governing law. Section 1003.1(e) establishes the case management framework, including record preparation and briefing as appropriate.

23. Plaintiffs do not assert an independently enforceable right to the BIA's internal case management deadlines. Nor do they contend that every appeal requires briefing. The absence of a briefing schedule is evidence of the limited outward progress of this appeal; the ultimate relief requested is completion of the appellate adjudication within a reasonable time.

**FACTS**

24. Mr. Saidmuhammadi timely applied for asylum on July 15, 2019, after entering the United States on October 12, 2018. His application concerned religious persecution in Tajikistan and his fear of future persecution there.

25. His wife and children later joined him in the United States. Their immigration cases were consolidated with his case.

26. On August 19, 2024, an immigration judge issued a written decision granting the asylum applications of Mr. Saidmuhammadi, his wife, and their two children. The order expressly grants the respondents' applications for asylum and does not reach withholding of removal, CAT protection, or post-conclusion voluntary departure. Ex. 1 at 25.

27. The BIA received DHS's appeal on September 17, 2024. Its filing receipt, dated September 20, 2024, identifies DHS as the appealing party and lists the principal case and all three riders. Ex. 2 at 1. Plaintiffs attach that acknowledgment as evidence of the appeal's filing date and the family members included in the appellate proceeding.

28. As of this filing, Plaintiffs have received neither a briefing schedule nor a decision disposing of DHS's appeal. More than two years have elapsed since the appeal was filed.

29. Plaintiffs do not know whether the BIA has performed internal record preparation or other work that has not been communicated to them. Their allegation of inactivity is based on the absence of a served briefing schedule, a dispositive decision, or a substantive response explaining the continued delay.

30. USCIS received all four Plaintiffs' Forms I-485 on September 22, 2025, and issued receipt notices dated September 24, 2025. Each receipt identifies the preference classification as "Asylum status." Ex. 3. The applications remain pending. Plaintiffs offer these notices to establish receipt of the applications; they do not contend that the notices establish adjustment eligibility or administrative finality of the asylum grant. This action seeks no order directing USCIS to adjudicate or approve the Forms I-485.

31. DHS's unresolved appeal leaves the asylum grant without administrative finality under 8 C.F.R. § 1003.39. The family therefore remains unable to obtain final resolution of the asylum proceedings on which its plans for permanent residence depend.

32. Plaintiffs has contacted the BIA to request information and action concerning the appeal. On September 2, 2026, Plaintiffs filed a motion to expedite explaining their circumstances and requesting prompt resolution. As of this filing, that motion has not resulted in a briefing schedule or disposition of the appeal.

33. Mr. Saidmuhammadi works as a commercial truck driver and owns SR Trucking LLC, which he has operated since August 2021. He relies on his trucking work to support his wife and minor children. Missouri issued him a limited-term, Class A non-domiciled commercial

driver's license, which expired on May 3, 2026. He cannot renew that license under the current immigration-status requirements governing commercial driver licensing.

34. The Department of Transportation's Federal Motor Carrier Safety Administration has restricted eligibility for non-domiciled CDLs to individuals holding specified employment-based nonimmigrant statuses, including H-2A, H-2B, and E-2 status. Missouri implements those restrictions in its licensing requirements. Mr. Saidmuhammadi's nonfinal asylum proceedings and pending adjustment applications do not establish eligibility under those categories. He also cannot obtain a standard resident CDL based on lawful permanent residence because his adjustment applications remain unresolved.

35. The consequences extend beyond uncertainty about immigration status. Without a valid CDL, Mr. Saidmuhammadi cannot lawfully perform the commercial driving on which his livelihood depends. His inability to renew therefore threatens both the continued operation of his trucking business and the income available to meet his family's basic living expenses. The unresolved appeal prolongs an obstacle to obtaining the final asylum determination needed to pursue permanent residence. Although a favorable BIA decision would not itself restore his CDL or guarantee adjustment approval, continued appellate delay prevents the family from moving beyond that threshold and pursuing a potential resolution of the licensing barrier.

36. The delay also prolongs the family's uncertainty about the outcome of proceedings in which the Immigration Judge has already found Mr. Saidmuhammadi eligible for asylum. Their interest is in obtaining a completed administrative adjudication, with the protection and finality that a favorable disposition would provide.

## UNREASONABLE DELAY

37. In evaluating whether agency action has been unreasonably delayed, the Eighth Circuit has considered the six-factor framework articulated in *Telecommunications Research & Action Center v. FCC* ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984). See *Irshad v. Johnson*, 754 F.3d 604, 607–08 (8th Cir. 2014).

38. The factors consider: (1) whether the time taken to act is governed by a rule of reason; (2) whether Congress has provided a timetable or other indication of the expected speed of agency action; (3) whether human health and welfare are affected; (4) the effect of expediting delayed action on competing agency priorities; (5) the nature and extent of interests prejudiced by the delay; and (6) whether agency impropriety is present, although impropriety is not required.

39. First, the agency must proceed according to a rule of reason. More than two years have passed without service of a briefing schedule or a decision. Plaintiffs allege that this interval, the absence of an explanation communicated to them, and their unsuccessful efforts to secure action support a finding of unreasonable delay. The claim concerns a particular appeal and its actual procedural history, rather than a contention that every appeal exceeding two years is unlawful.

40. Second, Congress has not established a specific deadline for disposition of this appeal. The reasonable-time obligation in § 555(b), together with the BIA's regulatory responsibility for timely resolution, nevertheless supplies a standard against which the duration and explanation for the delay may be assessed. Plaintiffs do not rely on internal management targets as mandatory adjudication deadlines.

41. Third, the Immigration Judge granted his asylum, but DHS's unresolved appeal has prevented final administrative resolution of the proceedings. The continued uncertainty affects

Plaintiff, his wife, and their children, whose immigration future remains dependent upon the outcome of the appeal. Plaintiff also relies upon his employment as a commercial truck driver to support his family. The potential loss of Plaintiff's ability to continue working would create serious financial hardship for his family. These circumstances demonstrate that the consequences of the delay implicate human welfare and family stability rather than merely administrative convenience.

42. Fourth, Plaintiffs recognize that the BIA must allocate resources among competing cases, including detained cases and other urgent matters. A judicial timetable may affect those priorities. Plaintiffs request a reasonable schedule that allows necessary record preparation and briefing, and permits Defendants to present a particularized explanation of the work remaining and the time reasonably required to complete it.

43. Fifth, the unresolved appeal has prevented final administrative resolution of the asylum proceedings despite the Immigration Judge's favorable written decision. Plaintiffs remain uncertain regarding their immigration future, and their pending adjustment-of-status applications have not been resolved. Plaintiffs have been deprived of meaningful progress toward the administrative resolution of DHS's appeal despite having diligently sought action through available procedures.

44. Sixth, Plaintiffs need not establish bad faith to challenge unreasonable delay. They allege no improper motive. Their claim rests on the elapsed time, lack of communicated procedural progress, efforts to obtain agency action, and consequences of continued nonresolution.

45. Considered together, the TRAC factors support Plaintiff's claim that the BIA has unreasonably delayed advancing DHS's appeal. Plaintiff therefore seeks a narrowly tailored order requiring Defendants to take reasonable procedural steps to advance the appeal, without directing the BIA's substantive decision.

46. *Irshad* involved a terrorism-related adjudicatory hold connected to possible discretionary exemptions from inadmissibility. 754 F.3d at 607–08. No comparable case-specific explanation has been communicated to Plaintiffs here. Plaintiffs submit that the reasonableness of this delay should be assessed on its own record, including any explanation Defendants provide.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

47. Plaintiff has pursued administrative efforts to obtain action on the pending appeal, including filing a motion to expedite adjudication. These efforts have not resulted in the issuance of a briefing schedule or meaningful procedural progress.

48. Plaintiffs have no administrative procedure that they can invoke to require a decision by a binding date. A later petition for review of an adverse final removal order would address that order; it would not restore the time lost while the appeal remained unresolved. Plaintiffs preserve their alternative request for transfer if the Court concludes that relief from the delay must be sought directly in the court of appeals.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT**

**(5 U.S.C. §§ 555(b) AND 706(1))**

49. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

50. DHS's appeal presents a discrete matter within the BIA's appellate jurisdiction. Defendants must conclude that matter within a reasonable time under 5 U.S.C. § 555(b). Plaintiffs seek performance of that obligation, leaving the merits and form of the lawful disposition to the BIA.

51. More than two years have passed without a served briefing schedule or disposition. Considering the procedural history and circumstances alleged above, Plaintiffs allege that Defendants have unreasonably delayed completion of the appellate adjudication within the meaning of 5 U.S.C. § 706(1).

52. Plaintiffs request declaratory relief and an order establishing a reasonable timetable for completion of the appeal, including any necessary record preparation and opportunity for briefing. They request no particular substantive result.

**<u>COUNT II</u>**

**WRIT OF MANDAMUS - 28 U.S.C. § 1361**

53. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein

54. Plaintiffs allege a clear right to disposition of the identified appeal within a reasonable time and a corresponding duty owed by the responsible federal officers to conclude that adjudication. The duty asserted concerns reaching a disposition, rather than exercising substantive discretion in Plaintiffs' favor.

55. For the reasons alleged above, Plaintiffs contend that the prolonged delay violates that duty and that their administrative requests have not supplied an adequate remedy. To the extent relief under the APA does not afford an adequate remedy and mandamus is otherwise available, Plaintiffs request a writ requiring completion of the appeal within a reasonable period.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Declare that Defendants have unreasonably delayed disposition of DHS's appeal from the August 19, 2024 asylum decision, in violation of 5 U.S.C. §§ 555(b) and 706(1);

B. Order Defendants, within 30 days of the Court's order, to complete any necessary preparation of the appellate record and issue a briefing schedule, or explain through a case-specific status report why briefing is unnecessary and identify the steps and time required for disposition;

C. Award allowable costs and, if the statutory requirements are met, reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

D. Grant such further relief as the Court deems just and proper.

DATED this 13th of November, 2026.

Maya King, Esq.
Maya King
King Law Group
1401 Iron Street, Suite 200
North Kansas City, MO 64116
KS # 27499 MO # 69586
maya@kinglawgroup.com
Phone 913-717-7112
*Attorney for Petitioner*